UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN J. KELLY, ) | |
| ) | CASE NO. C16-522 RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING MOTION TO |
| ) | APPOINT COUNSEL |
| WASHINGTON STATE DEPARTMENT ) | |
| OF TRANSPORTATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #12. Plaintiff asks the Court to appoint counsel in this employment-related case on the basis that he has contacted more than 20 attorneys and they have declined to take his case. *Id.* Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. The Complaint was filed on April 12, 2016, Defendants have been served and have appeared, and trial is currently scheduled for December 3, 2018. Dkt. #11.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954

ORDER
PAGE - 1

(9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit. In addition, Title VII does not provide an automatic right to counsel for employment discrimination claims. *See* 42 U.S.C. § 2000e-5(f)(1).

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel (Dkt. #12) is DENIED without prejudice. This Order does not preclude Plaintiff from re-filing this Motion once a factual record pertaining to his claims has been more fully developed.

DATED this 2nd day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE